Joan Louise **ZIEGLER**, Appellant,

v.

Richard Theodore **ZIEGLER**, Appellee.

Richard Theodore **ZIEGLER**, Appellant,

v.

Joan Louise **ZIEGLER**, Appellee.

Nos. 6735, 6851.

District of Columbia Court of Appeals.

Argued Feb. 27, 1973.

Decided April 23, 1973.

Ellsworth T. Simpson, Washington, D. C., for appellant in No. 6735 and appellee in No. 6851.

Nathan L. Silberberg, Washington, D. C., for appellee in No. 6735 and appellant in No. 6851.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

PER CURIAM.

Four months after an award to her of an absolute divorce and of the custody of the three minor children of the parties herein, the wife moved the court to increase the support payments so recently agreed upon and to modify the husband's visitation rights.[1] During the course of a hearing on the several motions filed the trial judge, sua sponte, raised the issue of custody and adjourned the proceedings pending social, psychiatric and other related evaluations of both parents by the Director of Social Services.[2] Upon its receipt sixty days hence the Director's report was to be "segregated from the docket".[3] After receipt of the report, and of further testimony, the court issued an order which removed custody of

1. There was also a motion by the husband to adjudicate the wife in contempt which was ultimately denied and is not at issue on appeal.

2. The Director of Social Services is an officer of the Superior Court. D.C.Code 1972 Supp., § 11-1722.

3. The court's concern arose from the matters testified to at the hearing as well as the open and pronounced hostility between the parties in the courtroom. It purported to act pursuant to Super.Ct.D.R.R. 404(b), applicable to reconciliation proceedings, which reads:

> At any stage in any proceeding filed as a matter of record and before this

the two minor female children from the wife, whom it found to be unfit, and placed them in the custody of the Director of Social Services.[4]

At the adjourned hearing counsel and their respective clients were allowed, overnight, to read the report to the court from the Director of Social Services; however, counsel were forbidden to litigate the contents of the report, upon which the court relied in awarding custody, or to cross-examine the person or persons who authorized the report. This plain violation of due process requirements requires reversal. As we said in a similar case, Mazur v. Lazarus, D.C.App., 196 A.2d 477, 479 (1964),

> Under a recognized and established practice, the courts of this jurisdiction sometimes call to their aid experienced and disinterested trained social workers in the Department of Public Welfare, to make unbiased examinations of the qualifications of those seeking custody of children, and the circumstances of the children themselves. But it has never been the practice to receive such reports after trial, with no opportunity for the parties to read them *or to cross examine the persons who prepared them.* There is an obvious and fundamental unfairness in receiving evidence in this manner, for it violates due process requirements. . . . [Emphasis supplied.]

Our disposition of these appeals makes it unnecessary to decide whether the trial court erred in relitigating the original custody award and in placing custody of the two minor children, nonresidents of this jurisdiction,[5] in the Director of Social Services.

The judgment of the trial court is affirmed insofar as it deals with medical and hospital insurance, and attorney's fees. In all other respects it is reversed. The husband's request for attorney's fees contained in his brief on appeal is denied.

Affirmed in part; reversed in part.

---

> Division the court may refer the parties, each, any or all, to the office of the Director of Social Services for services as detailed in an order of reference. Any written reports made as a result therefrom shall be kept separate from the original file and be made available only as the court directs.

4. The husband was also found, at the time, to be unfit to have custody. The third child, a son, was away at college and was not subject to the order save in one respect. The court ordered that the two minor female children reside with the wife until the beginning of the school year when, pursuant to the instructions and directions of the Director, they were to be placed for school and boarding in an academy in Lynchburg, Virginia. The Director was to specify the times and places of visitation with the husband, approve vacation plans, arrange for medical, dental and other needs of the children, and counsel and guide the parents. Monies for the children's needs, including the son, were to be deposited in court, to be dispensed pursuant to the orders of the Director.

5. The court relied upon Alves v. Alves, D.C. App., 262 A.2d 111 (1970), for its finding of jurisdiction to make the custody award.