THE STATE OF MONTANA, RELATOR, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE ARNOLD OLSEN, PRESIDING JUDGE, RESPONDENTS.

No. 13800.
May 12, 1977.
567 P.2d 898.

## ORDER

In this original proceeding, relator seeks a writ of supervisory control or other appropriate writ directed to District Judge Arnold H. Olsen, presiding judge in Criminal Cause No. 4069 in the district court of the first judicial district, Lewis and Clark County, which cause is entitled *"The State of Montana, plaintiff, vs. Joseph W. Goldman, defendant."* On April 25, 1977, the district court made an order in that cause dismissing the indictment pending against defendant, with prejudice. Relator requests that the district court be directed to amend its order so that the dismissal will be without prejudice.

An adversary hearing on the application was held on May 9, 1977.

After considering the original and the amended applications, the responses thereto on the part of the district court and defendant, and the arguments of counsel for relator and respondent as well as that of Judge Olsen, it appears to the Court that the relator has an adequate remedy by way of appeal.

A principal basis for the application is the concern by the relator that the appellate process will be time consuming. This Court agrees that an early determination of the issue involved herein is desirable, and to that end will suspend some of the appellate rules relating to time and urge cooperation of counsel so that the appeal may be perfected and presented for hearing at an early date.

IT IS THEREFORE ORDERED:

(1) The application is denied and these proceedings are dismissed.

(2) The court reporter for the district court, within 5 days after receipt of a copy of this order, shall furnish this Court with his best estimate of the time which may be required to prepare a transcript of the proceedings leading up to the order of April 25, 1977.

(3) Counsel will confer on the possibility of agreeing upon an abbreviated record or partial transcript or any other matter which may facilitate the appeal.

(4) Upon receipt of advice that a notice of appeal has been filed and of information as to the time when a transcript will be available, the Court will make its further order specifying the times for the transmission of the record and the filing of briefs and suspending any rules which may be in conflict with that order.