**Armond SCOTT III, Appellant,**

v.

**Charlene SCOTT, Appellee.**

No. 79–1004.

District of Columbia Court of Appeals.

Submitted May 20, 1980.

Decided June 10, 1980.

Joseph A. Rafferty, Jr., Washington, D.C., for appellant.

DaCosta R. Mason, Washington, D.C., for appellee.

Before KELLY and KERN, Associate Judges, and PAIR,* Associate Judge, Retired.

PER CURIAM:

Following trial in a suit for an absolute divorce and for custody of the parties' minor child, the trial court requested a report from the Social Services Department on the question of custody. It then, without further notice to the parties, entered the judgment of divorce, awarding custody to the wife. One finding of fact was:

7. On the basis of their investigation the Social Services Department recommended and the Court therefore finds that it would be in the child's best interests to be placed in the mother's custody.

Another finding was:

8. Further the Social Services Department recommended that in addition to the father being afforded weekend visitation rights on a biweekly basis, and having the child on alternate holidays that the child be placed with the father for a three month period each year from June to August. However, there is no indication that the defendant-father has a satisfactory child care plan in order to keep the child for a three month period, and there is no basis in said report for support of entry of such an order at this time for such an extended visitation.

It is appellant's claim on appeal that the trial judge erred "in relying solely on a Social Services Department report and recommendation in awarding custody of the minor child of the parties to the appellee when that report and recommendation was not made a part of the record and counsel was not given an opportunity to examine it or to examine the individual or individuals who prepared same." Appellant is correct. This court said in *Ziegler v. Ziegler*, D.C. App., 304 A.2d 13, 14 (1973), quoting from

---

* Associate Judge Pair did not participate in the decision of this case.

*Mazur v. Lazarus*, D.C.App., 196 A.2d 477, 479 (1964):

Under a recognized and established practice, the courts of this jurisdiction sometimes call to their aid experienced and disinterested trained social workers in the Department of Public Welfare, to make unbiased examinations of the qualifications of those seeking custody of children, and the circumstances of the children themselves. But it has never been the practice to receive such reports after trial, with no opportunity for the parties to read them or to cross examine the persons who prepared them. There is an obvious and fundamental unfairness in receiving evidence in this manner, for it violates due process requirements. . . [Emphasis omitted.]

The same due process violation is present whether the court relied only upon the report and recommendation or whether it merely considered them in arriving at a decision on a custody award. *Mazur v. Lazarus, supra.*

The award of custody in this case is reversed and the case remanded for further proceedings in accordance with this opinion.

*So ordered.*