STATE OF HAWAII, Plaintiff-Appellee, *v.* RAYMON NIEVES, Defendant-Appellant

NO. 7716

FEBRUARY 5, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the District Court for the District of Honolulu from the conviction of appellant on the misdemeanor charge of assault in the third degree pursuant to § 707-712, *Hawaii Revised Statutes* (HRS). Two questions are raised on the appeal: One, whether the fact that an investigator from the prosecutor's office talked to the appellant after the first hearing in the trial (and before the second) without the knowledge or permission of appellant's attorney warrants reversal (and presumably a dismissal of the

charges), and second, whether the admission into evidence without objection of the testimony of Richard Crum that Raymond Silva, a friend of the appellant's, had told him that the appellant had admitted having struck the complaining witness constitutes reversible error. We answer both questions in the negative.

Richard Wright claimed to have been assaulted in his apartment at Wahiawa, City and County of Honolulu, on or about May 15, 1979 by the Appellant Raymon Nieves. There was conflicting testimony on the subject. The trial began in the District Court on the 18th day of October, 1979. After the prosecution had rested and the appellant had produced one witness, it became apparent that an alibi defense was going to be raised. No previous notice had been given of this defense and accordingly, a continuation of the case was agreed upon. The trial was resumed on December 13, 1979. Approximately one week prior thereto, the appellant drove Raymond Silva to the prosecutor's office at Silva's request after Dewey Allen, an investigator at the prosecutor's office, had requested him to come in. Allen questioned Silva and then had a conversation of an unknown nature with the appellant.

The trial resumed on December 13th and a number of defense witnesses were called. In the course of the cross-examination of the appellant, he was asked whether he had told Raymond Silva that he had beaten up the complaining witness, which he answered in the negative, and whether it was not true that Silva had told Crum that the appellant had admitted to Silva that he had beaten up the complaining witness, to which his answer was he didn't know, he wasn't there. The defense then asked Silva, their witness, whether or not he had had any conversation with Crum. He said he did and he related the contents thereof which did not contain any allusion to a statement by Silva that the appellant had admitted to him that he had beaten up the complaining witness. The defense also asked Silva whether he had had any conversation with the appellant in which appellant had admitted beating up the complaining witness and Silva denied that there had been any such conversation. On rebuttal, Richard Crum was called and, in response to the questions, testified, with-

out objection, that Silva had told him that the appellant had said he had beaten up the complaining witness.

With respect to the claim of violation of constitutional right arising out of the fact that a prosecutor's investigator apparently talked about the case to the appellant while trial was pending, the unanimous opinion of the Supreme Court of the United States in *U.S. v. Morrison,* decided January 13, 1981 to the effect that, absent a showing of prejudice to the presentation of the defense, such an incident does not justify dismissal of the charges, appears to govern. No prejudice is shown or even claimed here. No attempt is made to show that the defense presented would have been other than the defense which was presented had the incident not occurred. The conversation was not put into evidence and no claim is made that the prosecutor learned anything which affected the conduct of the case. There being no prejudice, we see no basis for a dismissal of the charge or any lesser sanction against the prosecution.

With respect to the claim that prejudicial, albeit probative, hearsay testimony was erroneously introduced, there are three answers. In the first place, there was no objection. This is not a case comparable to *State v. Pastushin,* 58 Haw. 299, 568 P.2d 504 (1977) where the effect of the admission of a co-defendant's confession implicating himself and the appellant had the effect of depriving the appellant of his constitutional right to confrontation of the witnesses. Nor can we say that the failure to object indicates that the appellant was deprived of the effective assistance of counsel since the matter had already been opened up during the course of appellant's case. Secondly, appellant opened up the matter in large part during the examination of his witness Silva. Thirdly, the transcript of the trial judge's decision indicates very clearly that his finding of guilt was based on credibility of the witnesses to the incident. No mention in the decision is made of the questioned testimony. As we said in *State v. Gutierrez,* 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980):

> The trial, however, was jury-waived and the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a pre-

sumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only.

Accordingly, the judgment below is affirmed.

*Juliette T. Sarmiento (Michael K. Tateishi* on the opening brief), Deputy Public Defender, for defendant-appellant.

*Loretta A. Ebinger*, Deputy Prosecuting Attorney, for plaintiff-appellee.