PATRICIA ANN SABOL, Plaintiff-Appellee, *v.* METRO SABOL, Defendant-Appellant

NO. 7016

MARCH 12, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY BURNS, J.

In this divorce case, husband appeals the lower court's decision. He contends that the trial court reversibly erred:

I. When it read and discussed with counsel the court officer's report re custody prior to its admission into evidence.

II. When it admitted the report and its attached exhibits into evidence over defendant's objections.

III. When it allowed the court officer to give her opinion as to the ultimate custody issue.

IV. When it awarded Carolyn's custody to wife.

V. When it ordered husband to pay alimony for an "unspecified duration".

VI. By its conduct during the trial.

We disagree and affirm the lower court's decision.

The parties were married on August 6, 1972. Their child, Carolyn, was born on October 5, 1974. Wife filed her complaint for divorce on June 28, 1977. At that time two of wife's children by a prior marriage, Thomas, age 9, and David, age 11, were also living with the parties.

After a contested hearing, the lower court entered a decree which, *inter alia,* awarded wife a divorce and Carolyn's custody subject to husband's right to have the child with him on alternate Christmas vacations, alternate Easter vacations, and one month in the summer of each year. The decree ordered husband to pay to wife child support of $150.00 per month and alimony of $150.00 per month. Alimony was payable "until further order of the court or until wife dies or remarries".

## SOCIAL STUDY REPORT

A Stipulated Order for Investigation and Report was filed ordering the court's professional staff to conduct a social study of the disputed issue of Carolyn's custody. The court officer filed her report on November 22, 1977.

26

## I.

The only evidence in the record that the trial judge read the report prior to its admission into evidence is contained in husband's attorney's affidavit attached to his opening brief.

It is well-settled that evidence outside the trial record may neither be appended nor referred to in the appellate brief unless settled and approved by the trial court pursuant to Hawaii Family Court Rules (HFCR), rule 75(c) (1977). *State v. Onishi,* 53 Haw. 593, 499 P.2d 657 (1972); *Orso v. City and County of Honolulu,* 55 Haw. 37, 514 P.2d 859 (1973); *Pickering v. State,* 57 Haw. 405, 557 P.2d 125 (1976).

Since the husband's attorney's affidavit was improperly attached to his opening brief, it is not a part of the record on appeal. The record, therefore, does not support his claim that the trial judge read the report prior to its admission into evidence.[1]

## II.

When wife offered the report into evidence, husband raised a hearsay objection concerning the exhibits attached to the report. These were letters to the court officer from two of David's teachers, from Thomas' teacher, from the teacher of husband's son by a former marriage, and from wife's mother.

Social studies are authorized by statute[2] and by court rule.[3]

---

[1] We express no opinion at this time on the issue whether it is proper for a trial judge to read such reports prior to trial without the consent of the parties.

[2]

§ 571-46 [1976] Criteria and procedure in awarding custody. ***In awarding the custody, the court is to be guided by the following standards, considerations and procedures:

\* \* \* \* \*

(4) Whenever good cause appears therefor, the court may require an investigation and report concerning the . . . custody of any minor child of the parties. When so directed by the court, investigators or professional personnel attached to or assisting the court shall make investigations and reports which shall be made available to all interested parties and counsel before hearing, and such reports may be received in evidence if no objection is made and, if objection is made, may be received in evidence provided the person or persons

The report and its attached exhibits contain hearsay evidence. If the rules of evidence pertaining to hearsay apply, then some of the report and all of the attached exhibits are inadmissible. Thus, the question is, do the ordinary rules of evidence pertaining to hearsay

---

responsible for the report are available for cross-examination as to any matter which has been investigated.

(5) The court may hear the testimony of any person or expert produced by any party or upon the court's own motion, whose skill, insight, knowledge, or experience is such that his testimony is relevant to a just and reasonable determination of what is to the best physical, mental, moral, and spiritual well-being of the child whose custody is at issue.

\* \* \* \* \*

§ 571-45 [1976] Investigation prior to disposition.

\* \* \* \* \*

Except where the requirement is waived by the judge, social studies shall also be made . . . in custody disputes arising out of a divorce action. \*\*\*The use of such studies in custody and support hearings shall be subject to the applicable provisions of section 571-41.

Social studies required by this section shall be presented to and considered by the judge prior to making disposition.

\* \* \* \* \*

§ 571-41 [1976] Procedure in children's cases.

\* \* \* \* \*

In the disposition part of the hearing any relevant and material information, including that contained in a written report, study, or examination, shall be admissible, and may be relied upon to the extent of its probative value; provided, that the maker of the written report, study, or examination shall be subject to both direct and cross-examination upon demand and when he is reasonably available. The disposition shall be based only upon the admitted evidence, and findings adverse to the child as to disputed issues of fact shall be based upon a preponderance of such evidence.

\* \* \* \* \*

3    Rule 16(b), HFCR (1977), states:
(b) Social Study.   In the event of any dispute relating to child custody or visitation, or whenever the court deems it advisable, the matter shall be referred to the appropriate branch or division of the family court for social study and report and the social study and report shall be completed before the trial or hearing on such dispute. \*\*\*

\* \* \* \* \*

apply to a court ordered social study in a custody case?[4]

The Supreme Courts of Montana and North Dakota have addressed this issue and each held that the hearsay rule must be strictly followed. *In the Matter of Swan*, 567 P.2d 898 (Mont. 1977); *Fuhrman v. Fuhrman*, 254 N.W.2d 97 (N.D. 1977). We disagree with the holdings in these cases.

In deciding this issue, we keep in mind the fact that Hawaii Revised Statutes (HRS) § 571-46 (1976) requires that custody be awarded according to the best interests of the child. Such an inquiry is not the typical legal inquiry. The situation is made more unique by the fact that the child is not usually a party in the case. Therefore, if we limit the inquiry only to such legally competent evidence as the parties are able to and choose to present, then the award will be determined more on a comparison of the presentations than on the best interests of the child. We do not think the legislature intended such a result, and we decline to sanction it.

If the hearsay evidence is inadmissible, then it would be improper for the court officer to base her conclusions, in whole or in part, on the inadmissible hearsay evidence. Taking the strict rule to its logical end, the court officer would be allowed to report about and base her report only on what she observed and what the parties told her. In our view, a social study conducted under such limitations is not of much help to the court.

This issue is one of first impression in Hawaii. However, our supreme court has addressed the issue in other contexts. When faced with a similar problem in an ordinary term sentencing proceeding, our supreme court held that the sentencing judge may rely upon information furnished in a presentence diagnosis and report.

---

[4] We possibly could, but we choose not to, decide this issue on the grounds (1) that the parties stipulated to the obtaining of the investigation and report; or (2) that there is sufficient legal evidence to support the court's decision; therefore, the admission of the hearsay evidence was non-prejudicial.

The enactment of the Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes, which took effect on January 1, 1981, may prove to be disruptive of established family court procedures. Specifically, the hearsay provisions of that chapter may present difficulties with regard to the admissibility of reports by court officers in many family court proceedings. However, this problem is not before us, and we make no ruling concerning it.

*State v. Nobriga,* 56 Haw. 75, 527 P.2d 1269 (1974).[5]

When faced with a proceeding for waiver of a minor from family court's jurisdiction, our supreme court held that the judge may receive in evidence and rely on the probation officer's written report. In so ruling, the court pointed out that "the family court may resort to a wide range of out-of-court information in reaching its decision on waiver of jurisdiction of a juvenile, subject to the requirement that what is so considered be made available to counsel for the juvenile for challenge, impeachment, criticism or refutation". *In Re Dinson,* 58 Haw. 522, 529, 574 P.2d 119, 124 (1978).

We think that HRS §§ 571-46, -45 and -41 (1976) and HFCR, rule 16, authorize a procedure similar to that authorized by the Hawaii Supreme Court in waiver cases in *In Re Dinson, supra.* We hold that the family court, in deciding custody disputes, may resort to a wide range of out-of-court information in reaching its decision subject to the requirements that what is so considered be made available to all involved counsel for challenge, impeachment, criticism or refutation and that the person or persons responsible for the report be made available for cross-examination as to any matter involved in the report. We further hold that upon proper objection, the otherwise inadmissible evidence should be admitted only for use in deciding the custody issue and not for deciding any other issue.

Moreover, we think that it is the better (but not the required) practice for the trial judge to place the court officer's report into evidence as the court's exhibit and for the trial court to cause the court officer to be reasonably available for cross-examination by all parties. That way the report will be in evidence irrespective of the parties' attitudes concerning it and neither party will be required to bear responsibility for it or for causing the presence of the court officer.

We are aware of the problem created by the admission of evidence on the custody issue which is inapplicable and possibly prejudicial to the other issues[6] in the case. Fortunately, quite a bit of the

---

[5] However, with respect to an extended term sentencing proceeding, our supreme court held that the ordinary rules of evidence pertaining to hearsay apply. *State v. Kamae,* 56 Haw. 628, 548 P.2d 632 (1976).

[6] Divorce, alimony, child support, division and distribution of property, and the award of attorney's fees and costs.

hearsay evidence which is dealt with in custody investigations is not likely to have any effect on the judge's consideration of the other issues. Generally the kind of hearsay evidence which could possibly be prejudicial is irrelevant and immaterial[7] to the other issues. Nevertheless, to the extent that the admitted hearsay might possibly be prejudicial to one or both parties with respect to the other issues, we choose to rely on the trial judge's ability to make his decision on the consideration of only the competent evidence applicable to the issue he is deciding. *See State v. Nieves,* 1 Haw. App. 586, 623 P.2d 100 (1981).

## III.

In her report, the court officer recommended that wife be awarded Carolyn's custody and that husband be granted reasonable rights of visitation.

Husband, while noting that opinion evidence is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact,[8] contends that the purpose of the social study is to give information only and not for an opinion on the ultimate issue.

Whatever the Hawaii rule was at the time of the trial in this case on the issue of whether a witness may give an opinion on the ultimate issue, *see Sherry v. Asing,* 56 Haw. 135, 531 P.2d 648 (1975), we hold that in this kind of case it is proper for the court officer to give an opinion as to the best interests of the child and a recommendation as to the child's custody. However, the weight to be accorded to the court officer's opinion and recommendation is to be determined by the trial judge. *Friedrich v. Dept. of Transportation,* 60 Haw. 32, 586 P.2d 1037 (1978).

---

[7] Fault has nothing to do with the granting of the divorce. HRS § 580-41 (1976). The personal conduct of the spouses toward each other has no bearing on the property division issue nor on the alimony issue. *Richards v. Richards,* 44 Haw. 491, 355 P.2d 188 (1960).

[8] Rule 704, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (1976), as amended.

### IV.

Husband contends that the lower court abused its discretion in awarding Carolyn's custody to wife rather than to husband. We disagree.

In *Turoff v. Turoff,* 56 Haw. 51, 527 P.2d 1275 (1974), the lower court found both parents fit but awarded custody to the husband. Our supreme court affirmed. In this case, the lower court found both parents fit but awarded custody to the wife. We affirm.

The decision of a family court judge in a domestic relations case will be set aside only where there has been a manifest abuse of the judge's wide discretion in such matters. *Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). This standard of review applies to all issues in domestic relations matters, including custody issues. We find no such manifest abuse of discretion in the award of Carolyn's custody to wife.

### V.

Husband contends that the lower court abused its discretion when it ordered husband to pay to wife alimony of $150.00 per month "until the further order of the court or until the wife dies or remarries". Although he is also appealing the monthly amount, husband is primarily complaining about the duration[9] of his obligation.

In her pretrial position statement, wife requested alimony of $315.00 per month "until the minor child of the parties has entered the first grade in school". At trial, she testified that she wanted alimony of $200.00 per month for nine months.

We find no error in the fact that the lower court ordered husband to pay alimony differently and possibly more than requested

---

[9] When the lower court ordered husband to pay alimony until further order of the court, HRS § 580-47 (1976) precluded husband from causing it to be stopped or changed until there was a material change in the physical or financial circumstances of either party or until he could prove that the wife, although able and capable of substantially rehabilitating herself financially, wilfully failed to do so. By Act 77, 1978 Legislature, effective July 1, 1978, HRS § 580-47 (1976) was amended and thereafter husband was allowed to seek a termination or change in his obligation to pay alimony upon a showing of good cause.

by wife. HRS § 580-47(1976) requires that the court's decision be just and equitable. The parties' offers and demands are relevant to the determination of what is just and equitable, but they are not necessarily decisive.

When the lower court heard this case, wife was unemployed. Her only income was the $100.00 total monthly child support she was receiving from the father of Thomas and David. Husband was a member of the United States Coast Guard with over 18 years of service. His pay grade was E-7, and his monthly gross was $1,155.00. Aside from husband's potential retirement benefits, neither party owned assets of significant net cash value.

In light of the situation, we do not find that the lower court abused its discretion in deciding to require husband to pay alimony until further order of the court.

## VI.

Husband contends that the conduct of the lower court during the trial constituted such an abuse of discretion and was so flagrantly prejudicial so as to require reversal. We have reviewed the transcript and find no merit in husband's contention.

## CONCLUSION

The lower court's decision in this case is affirmed.

*Stephen P. Pingree* for defendant-appellant.

*Durell Douthit (Reginald K. T. Yee* with him on the brief) for plaintiff-appellee.