OPINION OF THE COURT
Paula J. Hepner, J.
The parties are before the court on a motion to modify an existing order of joint custody made by the Supreme Court on October 10, 2002. During the trial on this motion, efforts have been and will be made, over the respondent’s objection, to elicit out-of-court statements of the child through the testimony of witnesses called by the petitioner or the Law Guardian. The question before the court is whether and, if so, under what circumstances any such testimony is admissible in evidence. Oral argument was held on the last court date and the respective views of all parties were heard. As well, the parties were given an opportunity to submit case law addressed to this question, which the court has considered in reaching this opinion.
This petition was filed under article 6 of the Family Court Act. While the Legislature has enacted special provisions to admit hearsay statements of a child in certain types of proceedings,[1] no such alteration of the rules of evidence has been enacted for custody matters, despite the Court of Appeals opinions in Kesseler v Kesseler (10 NY2d 445 [1962]) and Matter of Lincoln v Lincoln (24 NY2d 270, 272 [1969]) suggesting that the “traditional requirements of the adversary system” may be relaxed in child custody cases. Nonetheless a body of case law has developed over the past 18 years upholding the admissibility of a child’s hearsay statements in custody proceedings where the gravamen of the application is based upon allegations of abuse or neglect. In this narrow circumstance, where the custody proceeding under article 6 becomes, in effect, a substitute for the child protective proceeding under article 10, trial and appellate courts have applied the Family Court Act § 1046 exception to custody proceedings and have admitted, when corroborated, the out-of-court hearsay statements of a *809 child in custody proceedings,[2] modification of custody petitions,[3] proceedings to terminate visitation,[4] and applications for supervised visitation.[5]
*810 The petition filed in this case alleges a host of communication problems between the parties, incompatible parenting styles, visitation violations, taking the child out of school without consent, aggressive behavior and disparaging treatment of the mother by the father. The gravamen of the modification petition is not any abuse or neglect of the child. The nearest judicial precedent to the facts of the instant matter is Ponzini v Ponzini (135 Misc 2d 468 [Fam Ct, Suffolk County 1987]), an ordinary contest between two parents for custody of their child. Neither parent claimed the other abused or neglected the child. During the father’s
“direct examination, he was asked by his counsel to relay to the court a conversation that he had with his four-year-old son. Counsel’s offer of proof indicated that the conversation consisted of a series of derogatory remarks that the mother’s male associate had reportedly made to the boy about his father” (at 468).
An objection was raised to the admissibility of this testimony and the trial court, after considering footnote 2 from the Court of Appeals decision in People ex rel. Cusano v Leone (43 NY2d 665, 667 [1977]), the general philosophy applicable to evidentiary questions in custody matters articulated in Kesseler (admitting a forensic report in a custody case) and Lincoln (in camera interview by the court with the subject child without the right of confrontation), and the experience in sister states, the trial court concluded that while the traditional requirements of the adversarial system may be relaxed in certain instances in child custody cases, as the Court of Appeals has indicated, the “settled rules of evidence relative to the competency of testimony should be applied . . . [and] [t]hose rules mandate that unless there is a specific exception, by decision or statute, hearsay evidence is inadmissible” (Ponzini, 135 Misc 2d at 475).
This court could only find one other custody case which admitted into evidence hearsay statements of the child even though allegations of abuse or neglect were not present. In Matter of King v King (225 AD2d 819, 821-822 [3d Dept 1996], lv denied 88 NY2d 806 [1996]), the appellate court denied the mother’s “claim that inadmissible hearsay tainted Family Court’s deci *811 sion, causing substantial prejudice to [her] by denying her due process.” The Appellate Division found that “[t]he court’s in camera interview with each of the three children provided verification of the statements the children were said to have made to others, eliminating any prejudice that may have been caused by the reception of the statements.” (Id. at 822.) Because this holding is contrary to four decisions of that Court prior to 1996 and five decisions of that Court after 1996, it is obviously not controlling. Since there is no case law which followed it thereafter, it does not appear that King was intended to signal an expansion of the hearsay exception to allow for the reception of statements from a child in other circumstances.
This court is in agreement with the holding in Ponzini, which does not seem to have been overruled in the intervening years. The Court of Appeals has not directly addressed the admissibility of a child’s out-of-court statements in a custody proceeding and the Legislature has not revised the statute to authorize it. Inasmuch as the gravamen of the petitioner’s application to modify the joint custody order does not allege that the father physically or sexually abused the child or that he neglected the physical, mental or emotional condition of the child by failing to exercise a minimum degree of care, statements of the child are not admissible. When, however, the court is trying a neglect or abuse case within the context of a custody proceeding, and those acts or omissions are the predicate for making or altering a custodial determination, statements of the child pertaining to those allegations will be admissible.

. Section 1046 (a) (vi) of the Family Court Act creates an exception to the rule against hearsay that allows previous statements made by the child relating to any allegations of abuse and neglect to be admitted into evidence providing the statements are corroborated by “[a]ny other evidence tending to support” their reliability. The Family Court has broad discretion in determining what constitutes sufficient corroboration.

. Matter of Loren B. v Heather A., 13 AD3d 998, 1000 (3d Dept 2004), lv denied 4 NY3d 710 (2005) (custody case raising allegations of abuse based on child’s statement that the “father hurt her, that he was a ‘bad boy’ and that he hurt her ‘booty,’ which she pointed out as her vagina”); Matter of Hover v Shear, 232 AD2d 749 (3d Dept 1996), lv dismissed in part and denied in part 89 NY2d 964 (1997) (on father’s petition for joint custody, the child complained that her father had hurt her in her vaginal area); Matter of Nilda S. v Dawn K., 302 AD2d 237 (1st Dept 2003), lv denied 100 NY2d 512 (2003) (child’s statements admitted in joint hearing on family friend’s petition for custody which was tried contemporaneously with the pending neglect petition); Matter of Pratt v Wood, 210 AD2d 741, 742 (3d Dept 1994) (in the maternal grandparents’ custody case alleging abuse, the Court admitted the child’s statement that “he was afraid to live with [his father because he] put a knife to his throat and, during a scheduled visitation, had choked him and hit him in the eye”).

. Matter of Stacey L.B. v Kimberly R.L., 12 AD3d 1124, 1125 (4th Dept 2004), lv denied 4 NY3d 704 (2005) (after joint custody order was entered, the mother “abused or neglected the child and entered into two romantic relationships involving issues of domestic violence” and the Court admitted the statements of the child because of the allegations of abuse and neglect); Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 987 (3d Dept 2003) (court admitted the mother’s testimony “revealing statements of the children as to conduct by the father that would constitute acts of abuse and neglect” because it was corroborated by other evidence); Matter of Jason S., 2002 NY Slip Op 50433(U) (Fam Ct, Bronx County 2002) (modification premised upon father’s allegations that his daughter had been sexually abused by the mother’s 13-year-old son); Matter of Linda P. v Thomas P., 240 AD2d 583 (2d Dept 1997) (modification premised on allegations of sexual abuse of the child by the father); Matter of Alan YY. v Laura ZZ., 209 AD2d 902 (3d Dept 1994), lv denied 85 NY2d 806 (1995) (child’s hearsay statements that mother sexually abused her were admitted in custody proceeding seeking modification based on substantiated reports to the state central registry); Matter of Daniel R. v Noel R., 195 AD2d 704 (3d Dept 1993) (modification of custody based on father’s sexual abuse of the child); Matter of Le Favour v Koch, 124 AD2d 903, 904 (3d Dept 1986), lv denied 69 NY2d 605 (1987) (modification petition based on child’s statements that the father “had been touching Steven’s private parts and had hurt him”).

. Matter of Heater v Heater, 15 AD3d 804 (3d Dept 2005) (father showed his daughter a sexually explicit videotape in which he was performing oral sex on the mother); Matter of Albert G. v Denise B., 181 AD2d 732 (2d Dept 1992) (child made allegations that his mother used cocaine in his presence and attempted to have him take cocaine); Matter of Baxter v Perico, 288 AD2d 717 (3d Dept 2001) (child said grandmother respondent struck her with a wooden spoon, pulled her hair, and bruised and cut her face); Matter of Eli v Eli, 159 Misc 2d 974 (Fam Ct, NY County 1993) (suspension of visitation premised upon mother’s allegation that the father sexually abused his child); Jane P. v John P., 135 Misc 2d 400 (Sup Ct, Queens County 1987) (father alleged to have sexually molested his children during his visitation).

. Matter of Peter S. v Cheryl A.S., 190 AD2d 1038 (4th Dept 1993) (Child’s statements to the mother and social workers that the father had sexually *810 abused his younger daughter were admitted. The appellate court found that the corroboration requirements contained in Family Court Act § 1046 [a] [vi], which by its terms is expressly applicable to article 10 proceedings, is not applicable to this article 6 proceeding).