■ In the Matter of SUZANNE K. P. FELLOWS, Respondent, v. DONALD E. FELLOWS, Appellant.— In a proceeding by a mother to obtain custody of her infant children (transferred to the Family Court, Westchester County, by the Supreme Court in that county), the father of the children appeals from two orders of the Family Court, Westchester County, entered February 2, 1966, one of which denied his motion (a) to vacate two prior decisions of said Family Court, dated August 31, 1964 and September 8, 1965, and an order of said court, dated October 14, 1965, and (b) to reinstate another order of said court, dated January 20, 1964 (by separate decision herewith this court granted permission to appeal from this order), and the other of which fixed his visitation rights and directed him to make certain payments for support of the children. First above-mentioned order reversed, on the law, without costs, and appellant's motion granted to the extent of directing that the order of October 14, 1965 be vacated and that a full and impartial hearing *de novo* be held on the issue of custody. No questions of fact have been considered. We do not presently pass upon the merits of the appeal from the second above-mentioned order. That subject may not properly be dealt with prior to determination of the issue of custody, which is to be made upon the hearing we are herewith directing to be held; and the terms of the second order should remain operative in the interim. In our opinion the order of October 14, 1965 is jurisdictionally improper. The testimony in this matter was heard and the children who are the subjects of this proceeding were interviewed by a Family Court Judge who thereafter disqualified himself because of a relationship by affinity to petitioner (Judiciary Law, § 14). The order of October 14, 1965 which awarded custody of the children to petitioner was made by another Family Court Judge who, so far as appears, did not hear further testimony or interview the children. This constituted a violation of section 21 of the Judiciary Law and renders the order invalid (cf. *Clover-East Assoc.* v. *Bachler*, 23 A D 2d 620; *Smith* v. *State of New York*, 214 N. Y. 140; *People* v. *Hooper*, 22 A D 2d 1006). Moreover, in the absence of stipulation or consent by the parties, it was improper for the court below to base its determination upon probation reports and psychiatric reports which were made confidentially to the court

and the contents of which were not revealed to the parties or counsel (*Kesseler* v. *Kesseler,* 10 N Y 2d 445; *Knapp* v. *Knapp,* 21 A D 2d 761; *Matter of Johnson* v. *Johnson,* 21 A D 2d 256). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.