■ CAROL C. WALDMAN, Appellant-Respondent, v STEPHEN J. WALDMAN, Respondent-Appellant. — In an action for a divorce, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered April 1, 1983, as, upon renewal of the defendant husband's motion for *pendente lite* visitation with the infant son of the parties, and upon renewal of her motion to, *inter alia,* compel the husband to submit to a complete psychiatric evaluation and examination by a court-appointed psychiatrist and a psycho-diagnostician, with the results being made available to the parties and their attorneys, (1) failed to direct said psychiatric examination and (2) directed her to execute a form stipulation consenting to an investigation by the Westchester County Department of Probation, the results of which were to be considered confidential and unavailable to the parties or their attorneys, and

the husband cross-appeals from so much of said order as (1) directed him to execute a form stipulation consenting to an investigation by the Westchester County Department of Probation, and (2) denied *pendente lite* visitation until after the report of the Probation Department has been delivered to the court. Order modified by (1) deleting therefrom the provision directing the parties to execute a form stipulation and consent to an investigation by the Westchester County Department of Probation, and substituting therefor a provision referring the matter to the Westchester County Department of Probation for investigation, study and report and directing the parties to co-operate and make themselves available for such interviews and/or medical, psychiatric and psychological examinations as may be required in the course of that study, which shall not be terminated while in progress except by mutual consent, and (2) deleting therefrom the provision denying *pendente lite* visitation until delivery of the Probation Department's report to the court, and substituting therefor a provision granting the husband supervised *pendente lite* visitation, pending the hearing and determination of his renewed application. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, to forthwith set the terms of the supervised visitation directed herein. Careful examination of the record on appeal fails to reveal any substantial basis for a finding that *pendente lite* visitation by the defendant husband with his infant son would be detrimental to the child's welfare. The incident of September 13, 1982 does naturally raise some cause for concern. However, even taken together, the events of that evening and the plaintiff wife's proof of the husband's alleged conduct towards his first wife and son of that marriage in the years between 1965 and 1975, fail to establish the "long-standing, well documented pattern of violent behavior" asserted by the plaintiff wife. Indeed, with the exception of the 1982 incident, the very same proof which the wife now proffers to deny the husband *pendente lite* visitation was previously rejected by the courts of California and Connecticut, which instead granted defendant lengthy unsupervised visitation with the son of his first marriage. Under all of the circumstances presented, we believe that the Supreme Court abused its discretion in denying the husband *pendente lite* visitation based on the events of September 13, 1982, pending receipt of the report from the Probation Department. Pending the hearing ordered by the Supreme Court on the renewed application for *pendente lite* visitation, the husband should be granted supervised visitation with his infant son. While the court's power to direct a Probation Department investigation or a psychiatric examination to aid it in the determination of issues of custody or visitation is not dependent upon the consent of the parties, we agree with the plaintiff wife that absent such consent the results of such investigation or examination cannot be deemed confidential and must be made available to the parties and their attorneys (*Matter of Lincoln v Lincoln,* 24 NY2d 270; *Matter of Fellows v Fellows,* 25 AD2d 865). Since the parties cannot be forced to consent to the loss of their right of confrontation and cross-examination, we have amended the order under appeal to in effect preserve that right to afford them the opportunity to explain or rebut the material contained in these expert reports. We have examined the parties' remaining claims and find them to be without merit. The Probation Department is authorized to conduct a psychiatric examination of either or both of the parties if it deems such examination to be required, and we are confident that, under the circumstances of this case, such examinations will, in fact, be conducted. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.