■ In the Matter of THOMAS BONILLA, Appellant, v L.B. GRENIS, as Director of the Temporary Release Program at Fishkill Correctional Facility, Respondent.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered March 29, 1990 in Dutchess County, which, in a proceeding pursuant to CPLR article 78, adhered upon reargument to its prior decision dismissing the petition for failure to exhaust administrative remedies.

Petitioner, an inmate at Fishkill Correctional Facility in Dutchess County, applied for temporary release on October 27, 1989. He was ruled ineligible pursuant to 7 NYCRR 1900.4 (c) (4) (ii) *(a),* which bars an inmate from participation in temporary release if there is "concurrent and/or consecutive commitment to a local N.Y.S. jurisdiction for a definite sentence (unless the sentencing court has indicated in writing that

there is no objection to the inmate's participation in temporary release programs)". Petitioner filed an administrative appeal and shortly thereafter commenced this CPLR article 78 proceeding to annul the initial determination denying his application. Petitioner contended that since both his commitment to the State jurisdiction for the indeterminate sentence and his commitment to the local jurisdiction for the definite sentence were imposed by the same sentencing court, 7 NYCRR 1900.4 (c) (4) (ii) *(a)* is not applicable and, therefore, he is not ineligible for participation in the temporary release program. Supreme Court dismissed the petition for failure to exhaust administrative remedies and failure to state a cause of action. Petitioner appeals.

We agree with respondent that this appeal should be dismissed as moot. The sentencing court failed to respond within 30 days to an official communication concerning petitioner's participation in the temporary release program and, therefore, by the express terms of the regulation, no objection exists *(see,* 7 NYCRR 1900.4 [c] [4] [ii] *[c])*. Since this 30-day period expired on or about November 24, 1989, the challenged regulation no longer bars petitioner's participation in the temporary release program. Petitioner's status concerning his eligibility to participate in the temporary release program cannot, therefore, be affected by any relief we could grant on this appeal, making petitioner's argument concerning the scope of the regulation purely academic. Since this matter does not present a recurring issue of public interest that otherwise would escape appellate review, dismissal of the appeal is appropriate *(see, Matter of Graham v Scully,* 113 AD2d 990, 991).

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.