■ In the Matter of MAZAL ZIRKIND, Respondent, v HARLOW ZIRKIND, Appellant. [630 NYS2d 570] —In a custody/visitation proceeding pursuant to Family Court Act article 6, the father appeals from (1) so much of an order of the Family Court, Kings County (Segal, J.), dated January 10, 1995, as denied his motion to recuse the Judge, (2) an order of the same court dated January 19, 1995, which granted the mother's cross motion for counsel fees and disbursements in the sum of $11,464.50 and directed entry of a judgment in that amount, (3) an order of the same court also dated January 19, 1995, which granted the petition and awarded the mother custody of the parties' children and denied the father's application for visitation, and (4) an order of protection of the same court also dated January 19, 1995, which, *inter alia,* directed the father not to interfere with the mother's custody of the children.

Ordered that the order of protection dated January 19, 1995, is modified, on the law, by deleting the provision thereof which provides that the order shall expire on March 27, 2006, and substituting therefor a provision that the order shall expire on January 19, 1996; as so modified, the order is affirmed; and it is further,

Ordered that the order dated January 10, 1995, and the remaining orders dated January 19, 1995, are affirmed; and it is further,

Ordered that the mother is awarded one bill of costs.

This appeal brings up for review the court's order dated July

21, 1994, which denied the father's motion, *inter alia,* to disqualify the Law Guardian and to vacate so much of an order of the same court dated August 19, 1993, as, among other things, directed him to submit to an examination by a particular psychiatrist *(see, Matter of Aho,* 39 NY2d 241). There is no evidence in the record that the Law Guardian had a conflict of interest or failed to diligently represent the best interests of the children. Thus, the court did not improvidently exercise its discretion in denying the branch of the father's motion which was to disqualify the Law Guardian *(see, Matter of Fredrick MM.,* 201 AD2d 842).

Upon the facts of this case, the Family Court did not improvidently exercise its discretion in denying the father custody and visitation on the ground that he refused to submit to a court-ordered psychiatric evaluation. Under the circumstances herein—which included evidence of verbal and physical abuse by the father as well as evidence that the father intended to abduct the children to Israel—the father's willful refusal to submit to a psychiatric evaluation was a sufficient ground for a temporary order granting custody to the mother and denying the father visitation *(cf., Waldman v Waldman,* 95 AD2d 827). We note that the order was without prejudice to his moving for modification of the order upon a showing of his willingness to submit to the court-ordered psychiatric evaluation.

There is no evidence of bias or prejudice on the part of the Family Court Judge. Therefore it was not an improvident exercise of discretion to deny the father's motion to recuse the Judge *(see, Matter of Emory CC.,* 199 AD2d 932; *Greenman v Greenman,* 175 AD2d 360).

The father failed to request a hearing on the mother's cross motion for counsel fees and he failed to raise an objection to the determination of this issue on the papers. Accordingly, the father waived his right to a hearing on the issue of counsel fees *(see, Rosenberg v Rosenberg,* 155 AD2d 428; *Lynch v Lynch,* 97 AD2d 814). The Family Court decision to grant the mother's cross motion for counsel fees in the amount of $11,464.50 is supported by the record and should not be disturbed.

The order of protection dated January 19, 1995, which states that it shall expire on March 27, 2006, fails to set forth a finding of aggravating circumstances. Thus, the order may not be effective for a period in excess of one year, and we hereby modify it to expire on January 19, 1996 *(see,* Family Ct Act §§ 842, 827 [a] [vii]). Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.