■ In the Matter of RICKY BALLARD, Respondent, v SARAH PARKER, Appellant. [648 NYS2d 481] —Cardona, P. J. Appeals (1) from an order of the Family Court of Washington County (Berke, J.), entered July 25, 1994, which, *inter alia*, granted by default petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children, and (2) from an order of said court, entered September 12, 1994, which denied respondent's motion to vacate the default judgment.

Petitioner commenced this proceeding in September 1993 seeking physical custody of three children. Petitioner is the biological father of the two youngest children but is not related to the oldest child. Petitioner had already obtained temporary custody of the children based on a neglect petition filed against respondent. Respondent answered and requested that custody be returned to her. Family Court heard the cases together and in two preliminary appearances before the court, respondent acquiesced to petitioner's having physical custody of the children, while she was afforded liberal visitation privileges.

On Friday, June 24, 1994, a pretrial conference was held. Respondent was present and was informed that the custody hearing would take place at 9:15 A.M. on Monday, June 27, 1994. Respondent did not appear at the scheduled time and her attorney did not know why she was not present. Family Court adjourned the matter to 11:00 A.M. At approximately 10:30 A.M., respondent called her attorney indicating that she did

not have a ride but offered no further explanation. The court reviewed the evidence and heard the recommendation of a caseworker and the children's Law Guardian, both of whom were in favor of a continuation of the status quo. After summarizing the evidence before it, the court granted petitioner's motion to dismiss respondent's request for custody. It did so with prejudice and awarded petitioner custody of the children with liberal, albeit supervised, visitation rights to respondent. In so doing, the court refused to excuse respondent's absence noting that respondent was "well aware that she had to be here today" but that she waited almost two hours after the scheduled time to appear before calling her attorney. Although respondent subsequently moved to vacate the court's award of custody, it was denied. Respondent appeals from both of Family Court's resulting orders.

The record reveals that after appealing, respondent filed a new petition seeking custody, or in the alternative, unsupervised visitation. On February 29, 1996, a hearing was held and petitioner and respondent arrived at an agreement resulting in petitioner retaining physical custody of the children and respondent having limited unsupervised visitation. An order, specifically modifying and amending the prior order awarding custody to petitioner, was entered in accordance with the terms of the agreement reached at the February 29, 1996 hearing. Insofar as respondent commenced a new proceeding for custody and specifically agreed to continue visitation, her appeals of the prior orders which raised these very issues have been rendered moot (*see, Matter of Siberio v Siberio*, 208 AD2d 994; *see also, Matter of Crumpley v Wack*, 212 AD2d 299, 302-304, *lv dismissed in part and denied in part* 86 NY2d 808). In addition, since this matter does not present a recurring issue of public interest that otherwise could escape appellate review, dismissal of the appeals is appropriate (*see, Matter of Bonilla v Grenis*, 175 AD2d 548).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.