■ In the Matter of MERLE D. HOVER, Appellant-Respondent, v DEBRA SHEAR, Respondent-Appellant. (And Two Other Related Proceedings.) [648 NYS2d 718] —Mercure, J. Appeals (1) from an order of the Family Court of Broome County (Hester, Jr., J.), entered September 20, 1994, which, *inter alia,* in a proceeding pursuant to Family Court Act article 6, denied petitioner's motion to review respondent's Family Court files from a prior proceeding, (2) from an order of said court, entered November 15, 1994, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for joint custody of the parties' child, (3) from an order of said court, entered November 15, 1994, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find respondent in violation of a prior order of visitation, and (4) from an order of said court, entered May 19, 1995, which, *inter alia,* in a proceeding pursuant to Family Court Act article 6, directed respondent to pay for part of the cost of established supervised visitation.

The parties are the parents of a daughter (hereinafter the child) who was born in 1992. At the time the instant proceedings were initiated, respondent had already been granted sole custody of the child. Petitioner appeals from Family Court orders dismissing his petition for joint custody of the child, continuing his supervised visitation with her and denying his application for an order granting him access to records of Family Court proceedings involving custody of respondent's children from a prior marriage. Respondent appeals from so much of a separate Family Court order as provides that petitioner's visitation be alternately supervised at the Family and Children's Society of Binghamton, with respondent paying one half of the cost thereof, and at an unspecified location by petitioner's current wife.

The parties' contentions lack merit, and we accordingly affirm. First, petitioner's speculation that, in connection with earlier Family Court proceedings, respondent had falsely accused her prior husband of child abuse and alcohol and drug abuse and that the records of those proceedings would "shed light on the reliability of the allegations in the instant proceeding" by no means mandated Family Court's exercise of its discretion to permit inspection of the records pursuant to Family Court Act § 166 (*see, People v Radtke,* 155 Misc 2d 21, 30). Nor are we persuaded that respondent waived her privilege with regard to those materials. It was petitioner, and not respondent, who made an issue of the prior proceedings.

Next, Family Court did not err in permitting hearsay testimony concerning the child's complaints to the effect that petitioner had hurt her in her vaginal area. The provision of Family Court Act § 1046 (a) (vi) that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence" also applies in proceedings under Family Court Act article 6 based upon allegations of child abuse (*see, Matter of Pratt v Wood*, 210 AD2d 741, 742; *Matter of Le Favour v Koch*, 124 AD2d 903, 906, *lv denied* 69 NY2d 605). Nor did Family Court err in its refusal to permit petitioner to present evidence during his case-in-chief on his custody modification petition for the purpose of establishing that respondent had presented perjured testimony in another proceeding. It is clear that the testimony was to be used for the sole purpose of contradicting respondent's assertions that petitioner is a child molester, an issue that was irrelevant prior to the receipt of evidence in support of respondent's petition, *inter alia*, for suspension of petitioner's visitation. Fundamentally, "the order of introducing evidence and the time when it may be introduced are matters generally resting in the sound discretion of the trial court" (*Feldsberg v Nitschke*, 49 NY2d 636, 643) and the "power to control the case * * * is not reviewable save for a clear abuse of discretion" (*supra*, at 643).

Turning to respondent's appeal, we first note that because she failed to raise the issue in Family Court, respondent's current assertion of error concerning Family Court's failure to provide a neutral location for the visitation that is to be supervised by petitioner's wife is unpreserved. Further, in the absence of a finding that petitioner engaged in misconduct, Family Court was not required to select an entirely neutral party as supervisor (*cf., Matter of Acker v Acker*, 212 AD2d 1014; *Matter of Dorothy T. v Carl J. B.*, 169 AD2d 771, 773). Last, we are not persuaded that Family Court erred in requiring the parties to share the cost of supervised visitation.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.