■ In the Matter of ABU MALIK, Appellant, v PHILIP COOMBE, JR., as Acting Commissioner of the Department of Correctional Services, Respondent. [653 NYS2d 168] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 10, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's petition as moot.

Petitioner, a former inmate at Queensboro Correctional Facility in Queens County, was disqualified from participation in the facility's temporary release program because he had engaged in criminal conduct during his previous participation in a temporary release program in August 1994, which in April 1995 lead to his conviction of the crimes of criminal possession of stolen property (i.e., stolen credit cards) and resisting arrest. Although petitioner was removed from temporary release status the day after his arrest in August 1994, a formal temporary release revocation proceeding was not held at that time. In January 1996, petitioner commenced this CPLR article 78 proceeding, seeking reinstatement in the temporary release program on the ground, *inter alia,* that a revocation hearing had not been held. Supreme Court granted respondent's motion to dismiss petitioner's application as moot. We affirm.

The procedural shortcomings cited by petitioner were cured when the Temporary Release Committee met at Queensboro Correctional Facility in March 1996, arriving at the decision that petitioner's disqualification was appropriate. Petitioner was not entitled to be present at this meeting because he was not then incarcerated at Queensboro, having been housed at other facilities since his arrest in August 1994, and because prison disciplinary rule violations had previously been sustained against him at a Superintendent's hearing (*see*, 7 NYCRR 1904.2 [h], [k]). We cannot condone the delay in the Committee's formal review of this matter; however, once the proceeding was held in accordance with the relevant procedural requirements (*see*, 7 NYCRR 1904.2), there was no further relief that could be granted to petitioner by Supreme Court. Hence, the matter was properly dismissed as moot (*see, Matter of Bonilla v Grenis*, 175 AD2d 548, 549).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.