■ In the Matter of MARY J. BAKER, Respondent, v ROLLIN RATOON, Appellant. [675 NYS2d 170] —Mikoll, J. P. Appeals (1) from two orders of the Family Court of Rensselear County (Hummel, J.), entered August 14, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior order of custody/visitation and suspended respondent's visitation with his son, (2) from an order of said court, entered November 20, 1997, which issued an order of protection, and (3) from an order of said court, entered November 20, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

This matter involves a series of proceedings in Family Court. Relevant to the issues raised on these appeals are the following facts. On May 14, 1997 the parties agreed to joint custody

of their son. A final order of custody and visitation was entered on June 2, 1997. Thereafter, petitioner filed a petition alleging a violation of visitation by respondent of the June 2, 1997 order. An order of protection was issued ordering that respondent refrain from contacting petitioner, from calling and visiting Family Court other than for scheduled appearances, and from contact with his son's day-care center.

By order entered August 14, 1997, Family Court ordered that respondent have no contact with his son based on his continued failure to submit to an examination by a court-appointed psychiatrist and his violation of the June 2, 1997 visitation order. The August 14, 1997 order was modified on October 20, 1997 on consent of the parties, after a hearing. Respondent was granted supervised visits with his son. Based on this modification, Family Court entered orders on November 20, 1997 vacating the order of protection of June 2, 1997 and allowing for the supervised visits with the child. The order was set to expire on July 30, 2000. Family Court also modified the August 14, 1997 order which had suspended visitation with the child to conform to the order agreed to by the parties on October 20, 1997. These appeals ensued.

We decline respondent's invitation to review the August 14, 1997 Family Court order. This order was superseded by the November 20, 1997 orders, entered on consent of both parties. Where a new proceeding has been commenced and the respondent has specifically agreed to continue visitations, appeals of prior orders which raised the same issues are rendered moot (*see, Matter of Siberio v Siberio*, 208 AD2d 994).

Respondent's contention that the order of protection entered November 20, 1997 should be modified insofar as it is scheduled to expire July 30, 2000 for failure of Family Court to comply with Family Court Act § 842, which requires a finding on the record of the existence of aggravating circumstances if the order exceeds one year's duration, has merit. In light of the court's failure to make necessary findings as required and absent any evidence in the record which would support our finding of aggravating circumstances, the order of protection should be modified to expire on November 20, 1998 (*see, Matter of Zirkind v Zirkind*, 218 AD2d 745).

We reject respondent's contention that Family Court violated his rights by refusing to provide him with copies of his psychological examination. Family Court Act § 166 states that Family Court has discretionary power as to release of any records (*see, Matter of Hoover v Shear*, 232 AD2d 749, *lv dismissed, lv denied* 89 NY2d 964). By granting respondent's counsel a

right to review the report, respondent had available to him the information he sought and we find no abuse in the court's disposition of the matter.

Respondent contends that Family Court erred in suspending his visitation rights in his absence and further urges that he was entitled to a trial on this issue. We note that respondent consented to the November 20, 1997 order granting him supervised visitation rights. To the extent that this argument relates to the August 14, 1997 order of suspension, a moot question, it will not be considered. To the extent that respondent is arguing that the supervised visits constitute an unlawful suspension of his visitation rights, it is clear that a determination with regard to visitation rights involves what is in the best interest of a child (*see, Miller-Glass v Glass*, 237 AD2d 723, 724). Family Court may order a psychological examination in order to determine visitation or custody (Family Ct Act § 251). Respondent agreed to such an examination. His failure to submit to it and the other evidence available to Family Court as to respondent's erratic behavior justified its determination that supervised visitation was in the child's best interest. Family Court properly restricted respondent's visitation pending his submission to evaluation.

The other issues raised by petitioner have been considered and found to be without merit.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the appeals from the orders entered August 14, 1997 are dismissed, as moot, without costs. Ordered that the order of protection entered November 20, 1997 is modified, on the law, without costs, to the extent of having it expire on November 20, 1998, and, as so modified, affirmed. Ordered that the order granting respondent supervised visitation entered November 20, 1997 is affirmed, without costs.