■ In the Matter of MANDY BAXTER, Respondent, v FRANCES PERICO, Appellant. [732 NYS2d 715] —Rose, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered November 29, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of visitation.

Respondent, the paternal grandmother of petitioner's daughter (born December 4, 1992), obtained weekend visitation with the child pursuant to a mediated agreement that was embodied in a Family Court order in October 1999, and then subsequently modified by a second mediated agreement that received the court's approval in January 2000. Four months later, petitioner filed a petition seeking to terminate respondent's visitation on the ground that respondent had abused and neglected the child. After a fact-finding hearing, Family Court adopted the findings proposed by the Law Guardian and entered an order terminating respondent's visitation rights. Respondent appeals.

A court may modify a stipulated visitation agreement only if there has been a sufficient change in circumstances demonstrating that modification would be in the child's best interest (*see, Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790; *Matter of Risman v Linke*, 235 AD2d 861, 862). Despite respondent's objections to Family Court's acceptance of certain evidence, we find a sound and substantial basis in the record for Family Court's determination that respondent's conduct toward the child constituted the requisite change in circumstances and warranted termination of visitation.

As to the child's out-of-court statements testified to by petitioner and the child's cousin, we note that such statements are excepted from the hearsay rule if they are corroborated (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Pratt v Wood*, 210 AD2d 741, 742), and that Family Court has broad discretion in determining whether the corroboration is sufficient (*see, Matter of Heidi CC.*, 270 AD2d 528, 529). Here, there is testimony corroborating the child's account of the incidents when respondent struck the child with a wooden spoon, pulled her hair, and bruised and cut her face. Also, in her own testimony, respondent admitted spanking the child with a wooden spoon, pulling the child into the house by her hair and that she may have scratched the child's face in the process. Thus, we cannot say that Family Court abused its discretion (*see, Matter of Michael W.*, 263 AD2d 684).

Respondent also contends that Family Court abused its discretion by relying on evidence that the child was afraid to

visit respondent without holding a *Lincoln* hearing as had been proposed by the Law Guardian. Since respondent initially objected to any adjournment for that purpose and then failed to object to Family Court's decision that logistical difficulties prevented an interview of the child, and now raises this issue for the first time, it is unpreserved for our review (*see, Matter of Jennifer WW.*, 274 AD2d 778, 779, *lv denied* 95 NY2d 764).

Respondent further asserts that Family Court relied on irrelevant evidence in reaching its conclusion that a substantial change in circumstances warranted termination of her visitation rights. Although we see little relevance in the evidence concerning respondent's reputation and an account of an incident by Deana Young preceding the parties' visitation agreement (*see, Matter of Risman v Linke*, 235 AD2d 861, 861-862, *supra*), we cannot agree that this was reversible error because Family Court's memorandum and order makes no reference to these instances in reaching its substantive conclusion.

Under all the circumstances, we decline to disturb Family Court's determination as to what will serve the child's best interest here, due to its sound and substantial basis in the record.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.