■ In the Matter of ROSARIO WW., Appellant, v ELLEN WW., Respondent. (And Five Other Related Proceedings.) [765 NYS2d 710] —Kane, J. Appeals from four orders of the Family Court of Otsego County (Estes, J.), entered February 14, 2002, which, in six proceedings pursuant to Family Ct Act articles 6 and 8, inter alia, modified a prior order of custody.

In January 2000, during the parties' divorce proceedings, a stipulation resulted in an order granting the parties joint custody of their two children, primary physical custody and ultimate decision-making authority to respondent, the mother,

supervised visitation to petitioner, the father, one Saturday each month and phone contact one night per week, and requiring therapeutic counseling for the children. In July 2000, the Department of Social Services (hereinafter DSS) commenced a neglect proceeding against the mother stemming from incidents involving alcohol abuse. The next month, the father filed a petition to modify the existing custody order, and two contempt petitions alleging that the mother violated that order. The mother filed two family offense petitions and a contempt petition alleging that the father violated an order of protection. The mother subsequently admitted to certain facts in the neglect petition and that matter was adjourned in contemplation of dismissal. After the hearing on the modification, violation and family offense petitions began, the father moved for a temporary order of visitation. Family Court denied this request, and left in place the temporary order of protection requiring the father to stay away from and have no contact with his children.

Following the hearing, Family Court found that the father had violated the prior order, but suspended the sentence of 30 days' civil commitment, denied the father's two contempt petitions, denied one of the mother's family offense petitions, sustained her other family offense petition, and issued a stay away order of protection against the father in favor of the children throughout their minority except for court-ordered visitation. The court also modified custody by granting the mother sole custody, giving the father supervised visitation one Saturday per month, permitting him phone contact two days per week if the children do not object to engaging in conversation, and requiring counseling for the children and family. The father appeals.

Initially, we will not address Family Court's determination on the father's motion for temporary visitation because it is not appealable as of right (see Family Ct Act § 1112 [a]; *Matter of Provost v Provost,* 82 AD2d 995, 996 [1981]), and issuance of the final visitation order rendered it moot (see *Matter of Baker v Ratoon,* 251 AD2d 921, 923 [1998]).

Family Court properly modified the prior custody order by granting the mother sole custody. Joint custody is not feasible where the parties' relationship is so acrimonious that it creates an inability to cooperate in raising their children (see *Braiman v Braiman,* 44 NY2d 584, 587 [1978]; *Matter of Murray v McLean,* 304 AD2d 899, 900 [2003]; *Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]). Continued deterioration in the relationship can be a

significant change in circumstances justifying a modification to sole custody (*see Matter of Harper v Jones,* 292 AD2d 649, 650 [2002]; *Matter of Gaudette v Gaudette, supra* at 805; *Ulmer v Ulmer,* 254 AD2d 541, 542 [1998]). It is clear that these parties cannot work together to raise their children, making joint custody inappropriate.

Both parties evinced deficiencies as parents. Although the mother admitted to portions of the neglect petition against her, DSS did not remove the children and, instead, provided services to assist the family. Testimony indicated that the mother made progress concerning her alcohol problem, was taking full advantage of the services DSS offered, and had been voluntarily receiving counseling since the incident leading to the neglect petition. She was also actively involved in the children's education and school activities. Although the father had stayed home with the children after they were born and until the parties separated, the children had lived with the mother for almost three years prior to the hearing. In addition, despite the inclusion of the words "joint custody" in the prior order, the order provided the mother with exclusive authority and decision-making power over the children's health, education and welfare. The mother had in essence been exercising sole custody, and Family Court reasonably incorporated this reality into the order. There is a sound and substantial basis in the record to support the court's finding that sole custody to the mother was in the best interests of the children (*see Matter of Morse v Brown,* 298 AD2d 656, 656-657 [2002]).

Family Court also properly required supervision of the father's visits. As the trial court is in the best position to assess witness credibility, we will give deference to its findings (*see Matter of Murray v McLean, supra* at 900; *Matter of Bates v Bates,* 290 AD2d 732, 733 [2002]). Deference should also be accorded to Family Court's determination regarding whether a party's visitation should be supervised (*see Matter of Simpson v Simrell,* 296 AD2d 621, 621 [2002]; *Matter of Kryvanis v Kruty,* 288 AD2d 771, 772 [2001]). Here, neither party was overwhelmingly credible. Yet, Family Court specifically found the mother more credible than the father, with some of the father's testimony deemed exaggerated and factually impossible. The father had violated prior orders, he violated the temporary order of protection during the hearing, he called one child names such as "fatty," he had a history of violent behavior toward the mother and the children, a family offense petition against him was sustained, and some of his actions frightened the children. The father had supervised visitation

only one day per month under the prior *consent* order, yet he did not even see the children that often. The record contains a sufficient basis for the court's grant of supervised visitation to the father. Nevertheless, the father at one time had a positive relationship with his children having raised them as the at-home parent from birth to the parties' separation. Under the circumstances, we find the provision for only one supervised visit per month inadequate and remit for determination of a visitation schedule which will allow the father to develop and continue a relationship with his children.

The father contends that Family Court improperly permitted the mother to testify regarding hearsay statements made by the children. This Court has carved out an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family Ct Act § 1046 (a) (vi) (*see Matter of Le Favour v Koch,* 124 AD2d 903, 906 [1986], *lv denied* 69 NY2d 605 [1987]; *see also Matter of Baxter v Perico,* 288 AD2d 717, 717 [2001]; *Matter of Hover v Shear,* 232 AD2d 749, 750 [1996], *lv dismissed and denied* 89 NY2d 964 [1997]; *Matter of Daniel R. v Noel R.,* 195 AD2d 704, 707 [1993]). The mother's testimony revealing statements of the children as to conduct by the father that would constitute acts of abuse and neglect under Family Ct Act article 10 was properly admitted because it was corroborated by other evidence, including the testimony of a teacher and counselor (*see Matter of Baxter v Perico, supra* at 717; *Matter of Daniel R. v Noel R., supra* at 707).

Family Court erred in continuing the order of protection throughout the children's minority. An order of protection may not exceed one year's duration without stating the court's finding of aggravating circumstances (*see* Family Ct Act § 842; *Matter of Baker v Ratoon,* 251 AD2d 921, 922 [1998], *supra*; *Matter of Zirkind v Zirkind,* 218 AD2d 745, 746 [1995]). Despite the Law Guardian's argument that such findings were implicit, the statute requires that "[s]uch finding of aggravating circumstances shall be stated upon the order of protection" (Family Ct Act § 842). In light of the court's failure to make the required findings, the order of protection should be modified to expire on February 14, 2003.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the custody and visitation order entered February 14, 2002 is modified, on the facts, without costs, by reversing so much thereof as awarded the father one supervised visit per month, and matter remitted to the Family Court of Otsego

County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order of protection entered February 14, 2002 is modified, on the law, without costs, by having said order expire on February 14, 2003, and, as so modified, affirmed. Ordered that the remaining orders entered February 14, 2002 are affirmed, without costs.