■ In the Matter of ARLENE M. CARELLA, Appellant, v CARY G. FERRARA, Respondent. (And Three Other Related Proceedings.) [780 NYS2d 90]—

Kane, J. Appeals from two orders of the Family Court of Saratoga County (Jung, J.), entered February 18, 2000 and December 1, 2000, which, inter alia, granted respondent's application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of one child. After a 1998 hearing upon cross petitions for custody, Family Court awarded joint custody, primary physical residence with the father and liberal visitation to the mother. In 1999, the parties cross-petitioned for modification of the prior order. Following a hearing, the court awarded the father sole legal and physical custody and provided the mother with liberal visitation. Slight amendments were made to that order. The mother appealed. In July 2002, the parties stipulated to an order limiting the mother's visitation. Soon thereafter, the mother petitioned for a return to the liberal visitation schedule. The parties consented to a February 2003 order by which the mother withdrew her visitation petition and the court vacated all prior orders providing for visitation with the mother. The mother apparently has not had contact with the child since that 2003 order was entered.

The 2003 consent order, which superceded the orders appealed, rendered these appeals moot (*see Matter of Baker v Ratoon,* 251 AD2d 921, 922 [1998]; *Matter of Ballard v Parker,* 232 AD2d 740, 741 [1996]). Were we to consider the merits, giving due deference to Family Court's ability to make credibility determinations, we find that the court did not abuse its discre-

tion in holding that the deterioration in the parties' relationship constituted a substantial change in circumstances indicating that a modification terminating joint custody would be in the child's best interests, and that the father was the more appropriate custodian (*see Matter of Smith v Miller*, 4 AD3d 697, 698-699 [2004]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]). That determination was adequately supported by evidence that the mother was angry with the father and focused on their antagonistic relationship rather than on issues concerning the child, the mother willfully violated a court order requiring her to attend a psychological evaluation, the child was doing well while living primarily with the father, the child was uncomfortable and afraid to discuss her thoughts and feelings with the mother, the mother admitted that she and the father could not agree on religious, educational or medical decisions regarding the child, and the ongoing conflict between the parties was causing the child to be fearful, anxious and sad.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.