■ In the Matter of JESSICA L. HEATER, Appellant, v ROBERT A. HEATER, Respondent. (And Another Related Proceeding.) [790 NYS2d 261]—

Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered April 1, 2004, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner and respondent are the parents of three children, Gabrielle (born in 1998), Evan (born in 1999), and Samuel (born in 2000). Petitioner filed a petition seeking modification of a prior order that had granted respondent visitation with the children every Sunday from 11:00 A.M. to Monday at 11:00 A.M. The change in circumstances alleged in support of the petition was that respondent had shown Gabrielle a sexually explicit videotape in which petitioner was performing oral sex on respondent. Respondent filed a violation petition alleging that petitioner was repeatedly telling the children lies about him. Following a hearing, Family Court found that respondent had shown a sexually explicit videotape to Gabrielle. The court thus granted petitioner's request to modify the order regarding visitation and indefinitely suspended all visitation by respondent with the children. Respondent's violation petition was dismissed. Respondent appeals.

Respondent argues that Family Court improperly based the termination of his visitation rights on the uncorroborated hearsay statements of Gabrielle. "[A]n existing custody order should not be modified unless there is 'a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]). In determining whether there is sufficient change in circumstances, a child's out-of-court statements may be considered so long as the statements are corroborated (*see Matter of Baxter v Perico*, 288 AD2d 717, 717 [2001]). "[T]he standard for determining what constitutes sufficient corroborative evidence is not overly stringent [and] Family Court has considerable discretion" in such a determination (*Matter of Randy A.*, 248 AD2d 838, 839 [1998]; *see Matter of Baxter v Perico, supra* at 717).

Here, the five-year-old child made consistent descriptive statements regarding the videotape to three different adults at various times. Significantly, petitioner testified that, before they separated, respondent had, in fact, made such a videotape. She related that respondent kept possession of the videotape after they separated. Indeed, even respondent's current paramour acknowledged that respondent had told her about such a

videotape. While Gabrielle's repetition of her statement was not by itself sufficient corroboration (*see Matter of Jared XX.*, 276 AD2d 980, 981 [2000]), we do find adequate corroboration in the testimony of petitioner and respondent's paramour acknowledging the existence of a videotape that was last in respondent's possession and depicted petitioner and respondent as described by the child. The evidence was thus sufficient to support Family Court's finding that the child had been shown a sexually explicit videotape by respondent and this constituted a change in circumstances justifying a modification of the visitation order.

Family Court's indefinite suspension of all visitation was, however, tantamount to a termination of respondent's parental rights (*see Matter of Robert TT. v Carol UU.*, 300 AD2d 920, 922 [2002]). Yet, Family Court also stated that the children enjoyed seeing respondent and that "some harm" would occur to the children from not seeing him. Under such circumstances, the record should have been developed further in order to determine whether some form of future visitation was feasible (*see id.*; *McMahon v Thompson*, 68 AD2d 68, 70 [1979], *appeal and lv dismissed* 48 NY2d 603, 655 [1979]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as indefinitely suspended respondent's visitation with the children; matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.