█ In the Matter of JEREMY L. BERNTHON, Respondent, v LISA M. MATTIOLI, Appellant. [825 NYS2d 566]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 18, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties are the parents of a daughter born in 1998. After petitioner left the parties' shared residence in 2003, they entered into a stipulation granting sole custody of the child to respondent and regular visitation to petitioner. In July 2004, petitioner applied for modification of the custody arrangement based on allegations that, among other things, respondent had used the child as a decoy while shoplifting. Following hearings, Family Court agreed and awarded sole custody of the child to petitioner.

Respondent now appeals, contending only that Family Court improperly permitted petitioner and others to testify regarding hearsay statements made by the child. We disagree. As Family Court correctly noted, we apply the hearsay exception stated in Family Ct Act § 1046 (a) (vi) in custody proceedings involving allegations of abuse or neglect of a child (*see Matter of Heater v Heater*, 15 AD3d 804, 805 [2005]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]; *Matter of Baxter v Perico*, 288 AD2d 717, 717 [2001]). While such statements must be cor-

roborated by other evidence, Family Court has considerable discretion in determining whether the corroboration is sufficient (*see Matter of Heater v Heater, supra* at 805; *Matter of Baxter v Perico, supra* at 717).

Here, the child's various statements of having been used to aid respondent's shoplifting were properly admitted, as they would support a finding of neglect. Although the child repeatedly refused to discuss respondent's conduct during the in camera interview, her reported statements were corroborated by other evidence, including an item of clothing that appeared consistent with the claim that security tags had been cut off by respondent and the child's atypical familiarity with shoplifting techniques and store security measures. Respondent inconsistently testified as to her shoplifting activities, both denying and then admitting a history of petit larceny. Family Court also properly took into consideration respondent's defiance of court orders by discussing the pending court proceedings with the child in a way which communicated that the child would not see her again because of the child's statements. Thus, Family Court did not abuse its discretion in accepting the hearsay evidence and then basing its findings as to a change of circumstances and the best interests of the child upon that evidence (*see Matter of Heater v Heater, supra* at 806).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.