■ In the Matter of CARL G. DECKER, Respondent, v JEANNE M. LACKOS, Appellant. (And Another Related Proceeding.) [837 NYS2d 773]—

---

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered August 25, 2006, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a son (born in 1994). They divorced in 1996 and respondent (hereinafter the mother) received custody, with petitioner (hereinafter the father) afforded visitation. In 2003, the mother sought to relocate from Chenango County to Pennsylvania and, in December 2003, the father stipulated to the relocation subject to several conditions, including unlimited telephone contact and that the mother would transport the child to her mother's home in Otsego County, where the father would pick him up for parenting time every other weekend. The mother allegedly failed on numerous occasions to produce the child for the father's visitation, neglected to inform him of the child's educational and health information, and did not afford full telephone access. The father filed a violation petition and also petitioned, in December 2005, for custody, alleging that the child was not receiving proper medical care. Following a hearing, Family Court issued a detailed written decision in which it granted the father custody and the mother visitation. The mother appeals.

The child's best interests are the primary concern and an existing custody arrangement should be modified only when there has been a sufficient change in circumstances to demonstrate a need for the change to safeguard those interests (see Matter of De Hamel v Porto, 22 AD3d 893, 894 [2005]). Custody determinations are based on the totality of the circumstances unique to each case, and among the many factors to be weighed and considered are "the age[ ] of the child[ ], fitness of the parents, quality of the home environment, each parent's ability to provide for the child's intellectual and emotional development, and the effect of the award of custody on one parent would have on the child's relationship with the other" (Matter of Lukaszewicz v Lukaszewicz, 256 AD2d 1031, 1032-1033

[1998]; *see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). "Family Court's factual findings are accorded due deference because it is in the best position to assess the credibility of witnesses" (*Matter of Reichenberger v Skalski*, 24 AD3d 1101, 1102 [2005] [citations omitted]; *see Matter of Lopez v Robinson*, 25 AD3d 1034, 1035 [2006]).

Here, there was evidence, found credible by Family Court, of some recent domestic violence and alcohol abuse at the mother's residence while the child was present in the home. Although the father had struck the child 11 years earlier when he was an infant, he had acknowledged this conduct as inappropriate and sought professional help, which ostensibly was successful since there have been no repeat episodes. Family Court expressed concern, supported by the record, that the child's older half brother (who weighs nearly twice as much as the child) was subjecting the child to unduly severe physical and verbal abuse, and that the mother was not taking adequate measures to curtail the abuse. While keeping siblings together is generally preferred, such an arrangement may not always be in a particular child's best interest (*see Matter of Delafrange v Delafrange*, 24 AD3d 1044, 1046 [2005], *lv denied* 8 NY3d 809 [2007]; *Matter of Johnson v Johnson*, 202 AD2d 584, 585 [1994], *lv denied* 83 NY2d 760 [1994]). The father was more responsible and sought prompt care when faced with medical concerns about the child, whereas the mother acknowledged disregarding hospital discharge instructions directing follow-up with a physician, and she did not seek timely care for the child for some skin conditions that he suffered. The mother failed repeatedly to transport the child for the father's parenting time and Family Court characterized her as having a "nonchalant" and "cavalier" attitude regarding the importance of the child's relationship with the father. There was evidence that the father's home presented a more stable environment for the child. Upon review of the record, we are unpersuaded that Family Court's decision lacks a sound and substantial basis (*see Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038 [2006]).

The remaining arguments have been considered and found unavailing.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.