■ In the Matter of RICK L. BARTLETT, Respondent-Appellant, v NICOLE A. JACKSON, Appellant-Respondent. (And Another Related Proceeding.) [849 NYS2d 704]—

Lahtinen, J. Cross appeals from an order of the Family Court of St. Lawrence County (Potter, J.), entered February 28, 2006, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the unmarried parents of a son (born in 1997). In 1999, pursuant to a stipulation of the parties, Family Court (Mycek, J.H.O.) ordered that respondent (hereinafter the mother) have sole legal and physical custody, with petitioner (hereinafter the father) receiving visitation. In 2005, the father petitioned to modify the 1999 order and grant him sole legal and physical custody based upon various allegations, including that the mother and her current boyfriend purportedly inflicted severe physical punishment upon the child. Following an extensive fact-finding hearing and a *Lincoln* hearing, Family Court (Potter, J.) rendered a lengthy written decision granting the father sole legal and physical custody and liberal parenting time to the mother. The mother appeals contending that Family Court erred in modifying custody and the father cross-appeals asserting, among other things, that the mother should have received less parenting time than provided by the court.

The mother initially argues that Family Court incorrectly admitted hearsay evidence and then relied upon such evidence in its decision. In custody proceedings involving allegations of abuse or neglect, hearsay statements of the child pertinent to those allegations may be admitted and considered so long as they are corroborated by other evidence (*see Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1165-1166 [2006]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]; *Matter of Baxter v Perico*, 288 AD2d 717, 717 [2001]). Family Court is accorded considerable discretion in determining whether there is sufficient corroboration (*see Matter of Bernthon v Mattioli*, 34 AD3d at 1165-1166; *Matter of Heater v Heater*, 15 AD3d 804, 805 [2005]).

Here, one of the primary grounds asserted as a significant change in circumstances meriting the modification of custody was the alleged pattern of severe corporal punishment that

resulted in the child having considerable bruises on his legs and arms as well as an occasional bloody nose. Witnesses at the hearing testified about the child's statements to them regarding such actions by the mother and her boyfriend. While this testimony was hearsay, it involved alleged abuse and was corroborated. Corroboration came from various evidence, including photographs of the child's many bruises. As for the assertion that the mother caused a bloody nose on several occasions by striking the child, corroboration included the eyewitness account of her former boyfriend. While the former boyfriend's credibility was clearly in question, his testimony was not so devoid of merit as to require the total rejection thereof. Moreover, the fact that an alternative explanation was offered for the child's bruises did not mandate that Family Court accept that explanation. In short, the hearsay evidence as to unduly severe punishment was sufficiently corroborated and, as for the other hearsay evidence, the error in admitting such proof was harmless in light of the extensive admissible evidence at the hearing which supports Family Court's decision (*see Posporelis v Posporelis*, 41 AD3d 986, 990 [2007]; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 678 [1999]).

We next consider the mother's argument that Family Court abused its discretion in awarding custody to the father. "An existing custody arrangement may be modified upon a showing that there has been a subsequent change of circumstances and modification is required to ensure the best interests of the child[ ]" (*Matter of Laware v Baldwin*, 42 AD3d 696, 696 [2007] [internal quotation marks and citation omitted]; *see Matter of Colwell v Parks*, 44 AD3d 1134, 1135 [2007]). Although much conflicting evidence was presented by the parties on virtually every issue, there is a sound and substantial basis in the record to support the finding of unduly severe punishment occurring on several occasions, as well as other findings, including that the mother repeatedly attempted to undermine the child's relationship with his father and engaged in conduct detrimental to the child's mental health. These findings provide an ample basis for Family Court's conclusion that a change in custody was appropriate (*see Matter of Krywanczyk v Krywanczyk*, 236 AD2d 746, 747 [1997]). Further, Family Court discussed in detail many of the various factors relevant in ascertaining what custody arrangement serves the best interests of the child, and we discern no reason in this record to disturb its holding that such interests are best served by the father having custody (*see Matter of Decker v Lackos*, 41 AD3d 916, 918 [2007]).

The mother's remaining contentions, including that she did

not receive the effective assistance of counsel, have been considered and found unavailing. We have also considered and find no merit in the father's arguments in his cross appeal that Family Court should have mandated mental health counseling for the mother and afforded her less parenting time.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.