■ In the Matter of KIMBERLY CC., Respondent, v GERRY CC., Appellant. (And Another Related Proceeding.) [927 NYS2d 191]—

Stein, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the married but separated parents of Kaylee CC. (born in 2005). The parties stipulated to a custody order in January 2009 which provided, among other things, for joint custody with primary physical custody to the mother and weekend parenting time with the father. The mother commenced the first of these proceedings in May 2009 seeking a modification of that order—to include sole custody to her and termination of the father's visitation—based upon allegations that the child had reported to the mother that the father "likes to rub her 'pea pea [*sic*].' " The mother reported this allegation to the Tompkins County Department of Social Services (hereinafter DSS). During the course of an investigation by DSS, Family Court issued a temporary order which, among other things, limited the father's parenting time to three hours of supervised

---

visitation every Saturday. In July 2009, after DSS determined the allegation of sexual abuse to be unfounded, the attorney for the child unsuccessfully requested that another investigation be ordered by Family Court and the father's application for reinstatement of the original custody order was granted.

In August 2009, the child allegedly made another statement to the mother indicating that the father had rubbed her on her vaginal area outside of her clothing and complained that the area was sore. Upon observing that the area was inflamed and red, the mother brought the child to the emergency room, where she was examined by a sexual assault nurse examiner (hereinafter the nurse), to whom the child repeated the allegations that she had made to her mother, while pointing to her vulva. The mother thereafter filed an amended petition seeking modification of the custody order to, among other things, award her sole custody and require that the father's visitation be supervised. In addition to the foregoing, the mother alleged that the child had made consistent disclosures of sexual abuse by the father to various other persons and that she had engaged in sexualized and self-destructive behaviors. The father denied the material allegations of the mother's amended petition and filed a "counter-petition" seeking sole custody of the child. After a fact-finding hearing and a *Lincoln* hearing, Family Court determined that the child's out-of-court statements were sufficiently corroborated and that the evidence supported a finding that the father had engaged in inappropriate sexual touching of her. Based upon such finding, the court granted the mother's petition, awarding her sole custody and limiting the father's parenting time to supervised visitation on Saturdays from 10:00 A.M. to 7:00 P.M. The father now appeals.

We affirm. In order to warrant the requested modification of the existing custody order, the mother was required to demonstrate a " 'sufficient change in circumstances reflecting a real need for change [in the established custody arrangement] in order to insure the continued best interest of the child' " (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010], quoting *Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009]; *see Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010]). Here, as Family Court posited, the "crucial determination" was whether the evidence was sufficient to establish the truth of the allegations that the father had inappropriately touched the child. If so, such evidence would clearly establish a change in circumstances such that it would be contrary to the child's best interest to continue to have unrestricted contact with the father (*see Matter of Joseph YY. v Terri YY.*, 75 AD3d 863, 866 [2010]).

A child's out-of-court statements are admissible in a Family Ct Act article 6 proceeding if the statements relate to abuse or neglect (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Bartlett v Jackson*, 47 AD3d 1076, 1077 [2008], *lv denied* 10 NY3d 707 [2008]). However, such statements cannot constitute the sole basis for a finding of abuse or neglect unless they are sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1165 [2006]). The degree of corroboration required is relatively low (*see Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]), and Family Court has considerable discretion in determining the sufficiency of the corroboration (*see Matter of Bernthon v Mattioli*, 34 AD3d at 1166). Although corroboration has a minimum " 'threshold of reliability' " that must be met (*Matter of Kayla J. [Michael J.]*, 74 AD3d 1665, 1669 [2010], quoting *Matter of Zachariah VV.*, 262 AD2d 719, 720 [1999], *lv denied* 94 NY2d 756 [1999]), it may be satisfied by "[a]ny other evidence tending to support the reliability of the previous statements" (*Matter of Jared XX.*, 276 AD2d 980, 981 [2000] [internal quotation marks omitted]). Upon our review of this record, we discern no abuse of Family Court's discretion in determining that the child's out-of-court statements were admissible and that the evidence was sufficient to establish the requisite change in circumstances.

The evidence included the testimony of the mother, the nurse, a childcare provider and several relatives to whom the child had made similar statements regarding her father rubbing her vaginal area. One of those witnesses testified that the child stated that the father's touching showed her "he loved [her] the mostest," a statement that Family Court found to be "more indicative of . . . a statement made by an adult perpetrator rather than an imaginative child." While mere "repetition of an accusation does not corroborate a child's prior statement" (*Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009]), Family Court accurately noted here that the child's statements were "consistent in detail, while not indicating a repetition of phrasing that might indicate coaching or coercion" (*see Matter of Kole HH.*, 61 AD3d 1049, 1052 [2009], *lv dismissed* 12 NY3d 898 [2009]). In addition, several witnesses testified that the child exhibited violent outbursts, self-abusive behavior and sexual behavior such as stimulating or rubbing herself, which appeared to coincide with the time frame in which the alleged incidents of sexual abuse occurred. This evidence, as well as the testimony from the *Lincoln* hearing (*see Matter of Kole HH.*, 61 AD3d at 1052), provide sufficient indicia of reliability to satisfy the requirement that the child's out-of-court statements be corroborated. Moreover, although the father pre-

sented conflicting evidence, we accord great deference to Family Court's ability to evaluate the testimony and assess the credibility of the witnesses (*see Matter of Bush v Bush*, 74 AD3d 1448, 1450 [2010], *lv denied* 15 NY3d 711 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]), and we conclude that there was a sound and substantial basis in the record to warrant modification of the custody order. "Moreover, although by no means determinative, this conclusion is in accord with the position advanced by the [attorney for the child]" (*Matter of Siler v Wright*, 64 AD3d at 929).

The father's remaining contentions have been considered and are unavailing.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.