## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 20, 2016                    521452
_____

In the Matter of COREY D.
    HAMILTON,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SHANNON M. ANDERSON,
                        Appellant.
_____

Calendar Date:   September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Shaw & Murphy, PLLC, Ithaca (Natanya E. DeWeese of
counsel), for appellant.

        Carman M. Garufi, Binghamton, attorney for the child.

_____

Garry, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered July 15, 2015, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2003).
The parties had joint legal custody and the father had primary
physical custody of the child pursuant to a 2011 order that gave
parenting time to the mother on alternate weekends and one

weekday evening.[1]  In December 2014, the father filed a modification petition seeking sole custody of the child and supervised parenting time for the mother premised upon her drug abuse, arrest for prostitution and the removal of a younger child from her home.  Shortly thereafter, the father filed a second petition requesting temporary supervised visitation.[2]  Following fact-finding and Lincoln hearings, Family Court found a change in circumstances, awarded sole legal and physical custody to the father and provided supervised parenting time to the mother once weekly for two hours at a public place, with additional parenting time if the parties so agreed.  The mother appeals.

Contrary to the mother's argument, Family Court did not err by admitting hearsay evidence that the child had told his father and a caseworker that he found and photographed hypodermic needles on his bed in the mother's home.  A child's out-of-court statements are admissible in a Family Ct Act article 6 proceeding when they pertain to abuse or neglect and are sufficiently corroborated (see Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]; Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 987 [2003]).  The relatively low degree of required corroboration may be provided by "[a]ny other evidence tending to support the reliability of the [child's] statements" (Family Ct Act § 1046 [a] [vi]; see Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 730 [2011]).  Here, the mother admitted during her testimony that she was using heroin during the time period when the child said that he saw the

_____

[1]  The 2011 order had modified a prior order by which the parties had joint legal custody and the mother had primary physical custody.  Both orders were affirmed in previous appeals (Matter of Hamilton v Anderson, 99 AD3d 1077 [2012]; Matter of Hamilton v Anderson, 31 AD3d 935 [2006]).

[2]  Family Court dismissed the first petition after incorporating its allegations and requests for relief into the second petition.

needles in her home, and a caseworker who interviewed the mother at that time testified that she saw needle tracks on the mother's arms. We find no abuse of Family Court's considerable discretion in its determination that the child's statement was adequately corroborated (see Heather B. v Daniel B., 125 AD3d 1157, 1158 [2015]; Matter of Bartlett v Jackson, 47 AD3d 1076, 1077-1078 [2008], lv denied 10 NY3d 707 [2008]).

The mother next contends that Family Court improperly refused her request for an adjournment to permit her caseworker to testify about her progress in drug rehabilitation, although the court allowed the father to offer other postpetition evidence. As the mother acknowledges, postpetition evidence is irrelevant in determining whether a change in circumstances exists, but may be considered as part of the analysis of a child's best interests (see Matter of Hayward v Campbell, 104 AD3d 1000, 1001 n [2013]; Matter of Klee v Schill, 95 AD3d 1599, 1601 n 4 [2012]). Here, the court's denial of an adjournment was not based upon a refusal to consider postpetition evidence; on the contrary, the court permitted the mother to testify about her postpetition involvement and progress in drug rehabilitation, accepted and credited this testimony, and referenced it in the custody decision. The adjournment was instead denied because the mother's testimony provided sufficient evidence upon this issue, and the court found the additional testimony to be unnecessary. This determination was not an abuse of discretion (see Matter of Rosalyn YY. v Otsego County Dept. of Social Servs., 101 AD3d 1401, 1403 [2012]; Matter of Braswell v Braswell, 80 AD3d 827, 829 [2011]).

Family Court did not err in awarding sole legal custody to the father. "In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the child[]" (Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386 [2013] [citations omitted]; accord Matter of Tyrel v Tyrel, 132

AD3d 1026, 1026 [2015]). Here, the mother's admitted substance abuse, which had led to the removal of her younger child from her care by child protective authorities, as well as the subject child's discovery of hypodermic needles on his bed, was sufficient to meet the father's burden to demonstrate a change in circumstances (see Matter of Markey v Bederian, 274 AD2d 816, 817-818 [2000]; Matter of Weeden v Weeden, 256 AD2d 831, 832 [1998], lv denied 93 NY2d 804 [1999]).

As for Family Court's best interests analysis, we reject the mother's contention that the court improperly relied upon facts that were not in evidence. The court expressly based the determination upon its findings that the mother had admittedly abused heroin, that she had recently been adjudicated to have neglected the younger child, that her home environment had been "extremely unstable," that numerous people had been present in her home and that she had been arrested for prostitution. These findings are all supported by the record evidence, which revealed, among other things, that the mother agreed to participate in a drug rehabilitation program only after her drug abuse led to neglect proceedings involving the younger child, that she had not yet completed the program and that, by her own admission, she had "slipp[ed]" once by using heroin after entering the program.[3]

We agree with the mother that there was no basis in the evidence for Family Court's remark that she was a "known prostitute." The testimony established only that the mother had been arrested and incarcerated upon charges that remained pending

_____

[3]   Contrary to the mother's claim, Family Court did not find that the mother had sold drugs in the presence of the children, but instead declined to credit her testimony that she did not use drugs in their presence, while noting in passing that sales had also "possibly" occurred (emphasis added). Upon review, we do not find that this comment was a basis for the custody determination.

and unresolved at the time of the fact-finding hearing. Nevertheless, the remaining admissible evidence, including testimony regarding the parties' mutual animosity and distrust as well as various incidents revealing the mother's poor parental judgment, provided the requisite sound and substantial basis for the court's custody decision (see Matter of Hudson v Hudson, 279 AD2d 659, 660-661 [2001]; see also Matter of Bush v Bush, 104 AD3d 1069, 1071-1072 [2013]).  Thus, we find this error to be harmless (see Matter of Bartlett v Jackson, 47 AD3d at 1078; Posporelis v Posporelis, 41 AD3d 986, 990 [2007]).  The mother's remaining contentions have been considered and found to be without merit.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court